**Raymundo CABRERRA–MARTINEZ, a.k.a. Raymundo Cabrera–Martinez, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72107.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2006.*

Decided May 8, 2006.

James Robert Patterson, Esq., Law Office of Lilia S. Velasquez, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Linda F. Thome, Esq., Nathaniel Pollock, U.S. Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Raymundo Cabrerra–Martinez, a native and citizen of Guatemala, petitions for review of the BIA's dismissal of his appeal from an immigration judge's order denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA adopted the IJ's decision, we review the decision of the IJ for substantial evidence, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000), and deny the petition for review.

The Immigration Judge found, in the alternative, that changed country conditions in Guatemala rebutted any possible past persecution alleged by Cabrerra–Martinez. Cabrerra–Martinez waived his right to challenge the finding of changed country conditions when he failed to exhaust the issue in his appeal to the BIA. He cannot challenge that dispositive finding now, even if he wanted to. But, no such challenge is raised in his brief to us. *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004); *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996). Even if

Cabrerra–Martinez could prevail on his exhausted claims, the changed country conditions finding rebuts any presumption of past persecution so that Cabrerra–Martinez no longer has a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1)(i)(A); *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003).[1]

Because Cabrerra–Martinez failed to establish eligibility for asylum, he has not met the more stringent standard for withholding of removal. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. He also waived any challenge to denial of relief under CAT by not raising the claim in

his opening brief. *Martinez–Serrano,* 94 F.3d at 1259.

